# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| TYLER MOSS, Individually and for Others Similarly Situated, | Case No. 7:21-cv-00112 |
| Plaintiffs, | |
| v. | Jury Trial Demanded |
| T & M LINE LOCATORS LLC, | |
| | FLSA Collective Action |
| Defendant. | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. T & M Line Locators LLC (T & M Line or T & M Line Locators) has failed to pay Tyler Moss (Moss), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Moss and the Putative Class Members are all current and former hourly employees of T & M Line Locators.

3. During his employment, Moss was paid an hourly rate when working as a roustabout, and was paid a higher hourly rate when working as a welder.

4. T & M Line Locators diluted Moss's overtime pay by excluding the higher hourly rate from the formula used to calculate his overtime pay.

5. T & M Line Locators' policy of excluding certain hourly compensation from the formula it used to calculate Moss and Putative Class Members' overtime rate violates the FLSA.

6. Moss and the Putative Class Members received hourly compensation, including when working as welders, that was not included in their respective regular rates for overtime purposes.

7. The FLSA requires this type of compensation be included in the calculation of Putative Class Members' regular rates for overtime purposes.

8. Because the compensation for welding work was not included in calculating these workers' overtime rates, T & M Line's Putative Class Members were not properly compensated at a rate of one-and-one-half times their regular rates–as defined by the FLSA–for all hours worked in excess of 40 hours in a single workweek.

9. Moss brings this collective action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

12. T & M Line is headquartered in Midland, Texas.

13. Moss performed work for Defendant in this District in Midland, Texas.

## THE PARTIES

14. Moss was an hourly employee of T & M Line Locators.

15. Moss worked for T & M Line Locators from approximately January 2020 until June 2020, and again from approximately September 2020 until December 2020.

16. His consent to be a party plaintiff is attached as **Exhibit A**.

17. Moss brings this action on behalf of himself and all other similarly situated Putative Class Members under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). T & M Line Locators subjected the Putative Class to the same FLSA violations as Moss.

18. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All individuals who, in at least one workweek, worked in two or more hourly job positions for, or on behalf of, T & M Line for at least forty hours.** ("Putative Class Members").

19. The identities of the Putative Class Members can be readily ascertained from T & M Line's business and payroll records.

20. T & M Line Locators is a line locating company headquartered in Texas.

21. T & M Line Locators may be served by serving its registered agent: Timothy S Bendure, 3810 FM 1758, Bowie, TX 76230.

## COVERAGE UNDER THE FLSA

22. At all times hereinafter mentioned, T & M Line Locators was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, T & M Line Locators was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all relevant times, T & M Line Locators has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

25. At all relevant times, T & M Line Locators has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

26. In each of the past 3 years, T & M Line Locators' annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

27. At all relevant times, Moss and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

28. T & M Line Locators uniformly applied its policy of excluding certain hourly compensation from the regular rate of pay, including to Moss.

29. T & M Line Locators applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

30. By excluding hourly compensation from the regular rate of pay, T & M Line Locators violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

31. As a result of this policy, Moss and the Putative Class Members do not receive overtime as required by the FLSA.

32. T & M Line Locators' uniform compensation scheme of excluding Putative Class Members' higher hourly rates of pay from the regular rate for weeks in which these workers work over 40 hours is, in and of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

### THE FACTS

33. T & M Line Locators is a line locating company headquartered in Texas.

34. Moss worked for T & M Line Locators from approximately January 2020 until June 2020, and again from approximately September 2020 until December 2020.

35. Moss performed work for T & M Line Locators as a roustabout and as a welder in Midland, Texas.

36. Throughout his employment with T & M Line Locators, Moss was an hourly employee.

37. Moss and the Putative Class Members received hourly compensation that was excluded from the regular rate of pay for purposes of calculating overtime rates.

38. Moss and the Putative Class Members reported the hours they worked to T & M Line Locators on a regular basis.

39. Moss and the Putative Class Members often worked 10 or more hours a day, for 5 to 6 days a week, for weeks at a time.

40. For example, Moss worked anywhere from 50 to 70 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

41. T & M Line Locators paid Moss $28 per hour for work performed as a roustabout.

42. T & M Line Locators paid Moss a higher hourly rate, $50 per hour, for work performed as a welder.

43. T & M Line Locators paid Moss $42 per hour for hours worked over forty on certain workweeks when he performed work as a roustabout.

44. However, T & M Line Locators did not include Moss's hourly compensation for welding work in his regular rate of pay for purposes of calculating his time-and-a-half overtime rate.

45. Because the hourly compensation for welding work does not fall within any of the applicable exceptions to inclusion within the regular rate of pay, this payment was a wage that should have been included in Moss's time-and-a-half overtime rate.

46. As such, Moss and the Putative Class Members were not properly compensated as one-and-one-half times their regular rate – as defined by the FLSA – for all overtime worked in excess of 40 hours in a single workweek.

47. T & M Line's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### CAUSES OF ACTION
### FLSA VIOLATIONS

48. By failing to pay Moss and those similarly situated to him overtime at one-and-one-half times their regular rates, T & M Line Locators violated the FLSA's overtime provisions.

49. T & M Line Locators owes Moss and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

50. Because T & M Line Locators knew, or showed reckless disregard for whether, its pay practices violated the FLSA, T & M Line Locators owes these wages for at least the past three years.

51. T & M Line Locators is liable to Moss and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

52. Moss and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### COLLECTIVE ACTION ALLEGATIONS

53. Moss realleges and incorporates by reference all allegations in preceding paragraphs.

54. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

55. Many of these employees have worked with Moss and the Putative Class Members and have reported that their regular rate of pay did not include the higher hourly rate, including hourly compensation for welding work, for overtime purposes.

56. The Putative Class Members regularly work or have worked in excess of 40 hours during a workweek.

57. The higher hourly rate for welding work does not fall within the few and narrow regular rate exclusions of the FLSA.

58. T & M Line's failure to include the higher hourly rate, including hourly compensation for welding work, into the regular rate calculation for overtime purposes results from generally applicable policies or practices and does not depend on personal circumstances of the Putative Class Members.

59. T & M Line's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

60. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

61. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

62. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and T & M Line Locators will reap the unjust benefits of violating the FLSA and applicable state labor laws.

63. Furthermore, even if some of the Putative Class Members could afford individual litigation against T & M Line Locators, it would be unduly burdensome to the judicial system.

64. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

65. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the Putative Class Members' rights were violated as a result of T & M Line's exclusion of higher hourly payments from their respective regular rates of pay;

   b. Whether T & M Line's exclusion of higher hourly payments from the regular rate was made in good faith;

   c. Whether T & M Line's violation of the FLSA was willful; and

      d.      Whether T & M Line's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

66. Moss's claims are typical of the claims of the Putative Class Members. Moss and the Putative Class Members sustained damages arising out of T & M Line's illegal and uniform employment policy.

67. Moss knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

68. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

69. The statutes of limitations of the Putative Class Members' claims should be tolled pending the outcome of the Court's Order on Moss's anticipated motion for conditional certification.

## JURY DEMAND

70. Moss demands a trial by jury

## PRAYER

71. Moss prays for relief as follows:

      a.      An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

      b.      For an Order pursuant to Section 16(b) of the FLSA finding T & M Line Locators liable for unpaid back wages due to Moss and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Carl A. Fitz**
Texas Bar No. 24105863
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**